■ In the Matter of LAURENCE FARRELL, Petitioner, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [773 NYS2d 290]—

Determination of respondent Police Commissioner, dated August 9, 2002, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Saralee Evans, J.], entered January 30, 2003) dismissed, without costs.

The determination that petitioner refrained from taking police action against a brothel because he intended to patronize it

is supported by substantial evidence, namely, the hearsay statements of two prostitutes who worked at the brothel picking petitioner out of a photo array as one of the police officers who used the brothel (*see Matter of McDonald v Safir,* 254 AD2d 234 [1998], *lv denied* 92 NY2d 819 [1999]). The determination that petitioner falsely stated at his departmental interview that he was never inside a second brothel is also supported by substantial evidence, namely, a surveillance tape showing him there and an explanation for such presence that respondent rationally rejected as incredible (*see id.*). The penalty of dismissal does not shock our sense of fairness (*see id.*; *Matter of Malave v Safir,* 270 AD2d 72 [2000]). We have considered petitioner's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan and Friedman, JJ.